IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| AMKOR TECHNOLOGY, INC., A Delaware Corporation, | : |
| Plaintiff, | : |
| v. | : |
| ALCATEL MICROELECTRONICS N.V., a Belgian Corporation, ALCATEL BUSINESS SYSTEMS, a French Corporation, and ASSURANCES GENERALES DE FRANCE IART, a French Corporation, | : CIVIL ACTION NO. 02-3156 |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE AND EXPEDITED MOTION TO STAY CONSIDERATION OF DEFENDANTS ALCATEL BUSINESS SYSTEMS AND ASSURANCES GENERALES DE FRANCE IART'S MOTION TO DISMISS**

**I.     INTRODUCTION**

On May 22, 2002, Plaintiff Amkor Technology, Inc. ("Amkor"), a Delaware corporation with its principal place of business in West Chester, Pennsylvania, initiated this declaratory judgment action against defendants Alcatel Business Systems ("ABS"), a French corporation, Assurances Generales de France Iart ("AGF"), a French corporation, and Alcatel Microelectronics N.V., a Belgian corporation seeking to compel ABS and AGF to submit their tort claims, pending in a French lawsuit, to arbitration in accordance with a controlling sales agreement.  On or about August 22, 2002, defendants ABS and AGF filed a Motion to Dismiss Plaintiff's Petition , asserting lack of personal jurisdiction over the defendants and failure to state a claim upon which relief may be granted.  In the alternative, defendants seek dismissal based on grounds of forum *non conveniens*.

For the reasons discussed herein, Amkor respectfully requests that this Court stay consideration of ABS and AGF's Motion to Dismiss pending the completion of discovery relating to whether ABS and AGF are subject to personal jurisdiction in the Eastern District of Pennsylvania.

## II.     FACTUAL BACKGROUND

### A.     The Parties

As set forth in its Petition, Amkor is, and at all relevant times has been, a corporation in good standing duly organized and existing under the laws of Delaware with its principal place of business in West Chester, Pennsylvania. Amkor provides interconnect services to semiconductor companies worldwide. Defendant AME, a Belgian corporation with its principal place of business in Oudenaarde, Belgium, designs semiconductor components. Although recently acquired by a Swiss corporation, AME was, at all relevant times, a wholly-owned subsidiary of Alcatel S.A. ("Alcatel"), a French corporation engaged in the business of communications development. Defendant ABS is a French corporation with its principal place of business in Paris, France and is a wholly owned subsidiary of Alcatel. ABS is a provider of business communications systems. Defendant AGF is also a French Corporation with its principal place of business in Paris, France and provides insurance coverage to ABS.

### B.     Facts and Procedural History

On November 5, 1999, Amkor entered into an agreement with AME, whereby it was agreed that Amkor would sell certain mobile telephone components to AME ("the Agreement"). Transactions under the Agreement involved interstate commerce. The Agreement provided for arbitration of any dispute that arose under it and also mandated the application of Pennsylvania law to any such dispute.

Pursuant to the terms of the Agreement, Amkor delivered the components to AME. AME subsequently sold manufactured mobile telephones containing the Amkor components to ABS.

In early 2001, a dispute arose between Amkor and AME regarding the alleged failure of mobile telephone components sold by Amkor to AME. Specifically, AME claimed that mobile telephones incorporating certain components purchased from Amkor failed when used in high temperature, high humidity regions. Amkor disclaims any liability and attributes any problems associated with the use of its products to defects in the design specifications provided by AME. AME does not dispute the appropriateness of arbitration as a remedy pursuant to the Agreement.[1]

Notwithstanding the Agreement, on March 18, 2002, ABS and its insurer, AGF, commenced two actions against Amkor and others before the Paris Commercial Court in France (collectively the "French Lawsuit"). AME is not a party to the French lawsuit. The first action seeks recovery against Amkor based on claims of tort liability and a latent defect. The second action seeks monetary relief based on the same claims. Among other objections, Amkor argues in its responsive pleadings that the arbitration clause contained in the Agreement deprives the French court of subject matter jurisdiction and that the French court lacks personal jurisdiction due to Amkor's domicile. In its response, Amkor also avers that ABS and AGF, although not signatories to the Agreement with AME, are successors and/or assigns of AME and therefore bound by its terms. The French lawsuit is pending.

On May 22, 2002, Plaintiff Amkor filed with this Court a Petition for Order Compelling Arbitration and for Declaratory Relief. In its Petition, Amkor respectfully requests this Court to

---

[1] AME has been named as a defendant so that a declaratory judgment requiring AME, ABS and AGF may be entered requiring all parties to the dispute to arbitrate said dispute in a single proceeding in accordance with the Agreement.

grant an order compelling ABS, AGF and AME to submit to arbitration pursuant to the terms of the Agreement. Amkor also requested this Court to enjoin Defendants ABS and AGF from pursuing claims in the French lawsuit.

### III. ARGUMENT

Defendants ABS and AGF now seek to dismiss Plaintiff's Petition on grounds that 1) this Court lacks personal jurisdiction over Defendants; and 2) Plaintiff fails to state a claim upon which relief may be granted.

Defendants' claim of lack of personal jurisdiction is predicated solely on scant factual representations set forth in affidavits by ABS' Chief Operating Officer, J.L. Fournia and AGF's International Liability Manager. A copy of these affidavits are attached hereto as Exhibit "A". These statements are not corroborated by any supporting documentation nor do they address all relevant issues pertaining to the exercise of personal jurisdiction. Absent an opportunity for discovery, Plaintiff Amkor will be unfairly prejudiced. In support of its request for discovery, Plaintiff has attached an affidavit detailing precisely what discovery is relevant and necessary in order to respond to Defendants' motion. This affidavit is marked as Exhibit "B".

As discovery is necessary in order to assess and respond to Defendants' claim of a jurisdictional bar, Plaintiff Amkor respectfully requests the Court to stay consideration of Defendants' Motion to Dismiss pending the completion of relevant discovery concerning this critical jurisdictional issue.

Alternatively, Plaintiff Amkor respectfully requests this Court to treat Defendants' Motion to Dismiss, which is supported by extra-pleading material, as a Motion for Summary Judgment and permit Plaintiff to conduct discovery in an effort to defend against Defendants' Motion.

### A. **Plaintiff Is Entitled To The Discovery Of Relevant Information Concerning Whether Defendants Are Subject To Personal Jurisdiction.**

It is a well-settled principle of state and federal law that where a preliminary challenge is made as to a jurisdictional fact, discovery should be permitted to obtain factual information in support of the nonmoving party's assertion of proper jurisdiction.

In Pennsylvania, for instance, the law is clear that where a preliminary objection raises an issue of fact, "the court shall take evidence by depositions or otherwise." Pa. R. Civ. P. 1028(c)(2). Specifically, a preliminary objection to jurisdiction "cannot be determined from facts of record" and requires further evidence before a determination can be made. Pa. R. Civ. P. 1028(c)(2) note. *See also*, Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Company, 454 A.2d 1131 (Pa. Super. Ct. 1983)(Court vacated lower court's order of dismissal for lack of jurisdiction and held that lower court was obligated to allow the parties a reasonable time for discovery so that evidence could be presented to resolve the dispute); Gall v. Hammer, 617 A.2d 23, 24 (Pa. Super. Ct. 1992)(citing Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Company in holding that dismissal was improper where factual allegations by the defendant asserting lack of jurisdiction were the only evidence supporting their motion).

The Third Circuit has similarly adopted this approach and follows the general rule that unless the plaintiff's claim is "clearly frivolous," the district court should allow discovery on jurisdiction to enable the plaintiff to demonstrate minimum contacts by the defendant with the forum state sufficient to establish in personam jurisdiction. *See* Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir. 1983)(dismissal improper where discovery on issue of jurisdiction was precluded by issuance of a protective order). *See also* Market Development Corporation v. Flame-Glo, Limited, 1989 U.S. Dist. LEXIS 3436, *2 (E.D. Pa. 1989)(motion to dismiss for lack of personal jurisdiction denied

because "plaintiff needs more than bare assertions" and must be afforded opportunity for discovery to defend against motion); Mulhern v. McGahn, Friss & Miller, 1988 U.S. Dist. LEXIS 13819, *3 (E.D. Pa. 1988)(motion to dismiss for lack of jurisdiction deferred pending discovery by plaintiff).

In deciding whether discovery of a jurisdictional issue should be permitted, courts often consider whether discovery would lead to a more accurate judgment regarding jurisdiction than a determination based solely on a defendant's affidavit. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §1351 at 256-259(2d ed. 1990). Because the plaintiff bears the burden of establishing jurisdiction and pertinent facts relating to personal jurisdiction are often far beyond a plaintiff's knowledge, courts often accord the plaintiff broad discretion to conduct such discovery. Id. This is especially so in a case such as the one at bar where a plaintiff seeks discovery relating to whether a corporate defendant conducted business in the forum state. *See* Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir. 1983)(noting that a Pennsylvania court will generally allow discovery where the plaintiff is attempting to show that defendant is "doing business" in the state); Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1st Cir. 1966)(dismissal order vacated where plaintiff, who was completely unfamiliar with the corporate defendant, was not given an opportunity to conduct discovery on the jurisdictional issue).

In this case, Defendant's Motion to Dismiss for lack of personal jurisdiction relies almost exclusively on the Affidavits of ABS' Chief Operating Officer, J.L. Fournia and AGF's International Liability Manager. In order to dispositively resolve the jurisdictional issue, those affidavits would essentially have to "rule out" the possibility that ABS and AGF are subject to jurisdiction in Pennsylvania. *See* United Phosphorous Ltd. v. Shroff's United Chemicals, Ltd.,

1996 U.S. Dist. LEXIS 203, *20 (N.D. Ill.)(failure of defendant's affidavit in support of his motion to dismiss for lack of jurisdiction to address contacts with Illinois and relationship with co-defendant militated in favor of denying the motion absent additional evidence).

The affidavits provided in this case fail to rule out that possibility. The affidavits state, in the absence of any supporting documentation, that neither ABS nor AGF "do any business or conduct any day-to-day operations in Pennsylvania." Fournia Aff. at ¶ 4; AGF Aff. at ¶ 4. As ABS concedes that it purchased mobile telephone components from a company with its principal place of business in Pennsylvania, such a statement is mystifying. Moreover, this Court has recognized that even something as simple as telephone or mail contact can be enough to support the assertion of personal jurisdiction. Mulhern v. McGahn, Friss & Miller, 1988 U.S. Dist. LEXIS 13819, *1(E.D. Pa. 1988); Packard Press Corp. v. Com Vu Corp., 584 F. Supp. 73, 76 (E.D. Pa. 1984).

The appropriate jurisdictional inquiry is not only whether ABS or AGF do business in Pennsylvania, but more importantly whether they have availed themselves of the privilege of conducting business in Pennsylvania such that it may be said that ABS or AGF have minimum contacts with the state. See Hanson v. Denckla, 357 U.S. 235 (1958). Discovery relevant to this issue is necessary for Plaintiff Amkor to address and defend against Defendants' jurisdictional claim.

    **B.**    **Defendants' Motion To Dismiss, Which Is Supported By Extra-Pleading Material, Should Be Treated As A Motion For Summary Judgment To Which Plaintiff Is Entitled An Opportunity For Discovery.**

Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> "If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment…"

The Third Circuit has regularly recognized and applied this Rule. *See* Ahmad v. Burke, 436 F. Supp. 1307 (E.D. Pa. 1977)(motion to dismiss for lack of subject matter jurisdiction or failure to state a claim treated as a motion for summary judgment where defendants submitted affidavits in support of their claim); Hubicki v. ACF Industries, Inc., 484 F.2d 519(3d Cir. 1973)( defendant's motion to dismiss treated as motion for summary judgment where defendant submitted supporting affidavit).

In the case at bar, Defendants have submitted numerous affidavits and documents in support of their motion to dismiss. Therefore, in accordance with Federal Rule of Civil Procedure 12(b), this Court should treat Defendants' Motion to Dismiss as a Motion for Summary Judgment.

Rule 56(f) of the Federal Rules of Civil Procedure expressly provides for discovery and instructs courts to defer ruling on a summary judgment motion pending discovery by the opposing party. Fed. R. Civ. P. 56(f). Because a determination under Rule 56 is on the merits rather than a dismissal with the opportunity to file again, "care must be taken to assure the nonmoving party an opportunity to resist the motion and interpose affidavits and other material." *See* 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d §2719 at 311(3d ed. 1998). This concern is heightened where a motion to dismiss is converted to a motion for summary judgment. Id. *See also* Sanzone v. Phoenix Technologies, Inc., 1990 U.S. Dist. LEXIS 4656, *42 (E.D. Pa. 1990)(where court converted a 12(b) motion to a motion for summary judgment, a decision on summary judgment could not be made absent discovery by the plaintiff).

Accordingly, Amkor should be permitted to take jurisdictional discovery before a determination is made as to Defendants' Motion to Dismiss.

## IV.     CONCLUSION

For all of the reasons set forth above, Plaintiff Amkor Technology, Inc. respectfully requests that this Court stay its consideration of Defendants' Motion to Dismiss and permit Amkor to take jurisdictional discovery.

                                                     Respectfully submitted,

                                                     **DUANE MORRIS LLP**

                                                     By: _____
                                                           Patrick J. Loftus
                                                          One Liberty Place
                                                           Philadelphia, PA 19103-7396
                                                           (215) 979-1367

                                                     Attorneys for Plaintiff
                                                     AMKOR TECHNOLOGY, INC.

Dated: October 2, 2002

PH2\677047.1