UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMKOR TECHNOLOGY, INC., a Delaware Corporation,<br><br>    Plaintiff<br><br> v.<br><br>ALCATEL BUSINESS SYSTEMS, a French Corporation, ASSURANCES GENERALES DE FRANCE IART, a French Corporation, and ALCATEL MICROELECTRONICS N.V., a Belgian Corporation,<br><br>    Defendants | CIVIL ACTION<br><br>No. 02-3156 |

MEMORANDUM / ORDER

December 29, 2003

On August 26, 2003, this court issued an opinion and order denying the motion by Alcatel

Business Systems and Assurances Generales de France Iart (collectively, "defendants") to dismiss this

action.  Defendants have now filed a motion seeking reconsideration or, in the alternative, certification

of the order for interlocutory appeal under 28 U.S.C. § 1292(b).  Defendants contend that, in declining

to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2),

this court misapplied the "direct benefit" estoppel standard articulated in *American Bureau of*

*Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349 (2d Cir. 1999), and improperly relied on

unsubstantiated factual assertions submitted by plaintiff Amkor Technology, Inc. ("plaintiff").

Defendants also maintain that the court misapplied the doctrine of international comity in denying

defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be

granted.

Having considered defendants' motion, the court will not disturb its order denying the motion to

dismiss.  None of the arguments raised by defendants persuade this court that its interpretation of

*Tencara* was erroneous, that the factual assertions on which it relied were unsubstantiated, or that its

application of the doctrine of international comity was incorrect.  Moreover, the court is not persuaded

that the circumstances warrant certifying the matter for appeal.  A district court may certify an order for

interlocutory appeal when it determines that "such order involves a controlling question of law as to

which there is substantial ground for difference of opinion and that an immediate appeal from the order

may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b).  The crux

of defendants' argument in support of their motion is that this court erred in its application of existing

law to the facts of the case – not that the court's ruling was keyed to a "controlling issue of law" the

answer to which is in doubt and prompt appellate resolution of which "may materially advance the

ultimate termination of the litigation."

Accordingly, it is hereby ORDERED that:

(1)    Defendants' motion for reconsideration or certification of an order for interlocutory
       appeal (Docket # 23) is DENIED.

(2)    Within 20 days of the date of this order, defendants shall submit to this court, with a
       copy to plaintiff, their answer to plaintiff's complaint.

(3)     Within 40 days of the date of this order, all parties shall file with this court, with a copy
        to the opposing parties, submissions discussing the proper resolution of this case in light
        of the court's opinion of August 22, 2003, and today's order.


_____

Pollak, J.