UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------ x

AMKOR TECHNOLOGY, INC., a Delaware Corporation,

        Plaintiff/Petitioner,

v.

ALCATEL BUSINESS SYSTEMS, a French Corporation, ASSURANCES GENERALES DE FRANCE IART, a French Corporation, and ALCATEL MICROELECTRONICS N.V., a Belgian corporation.

        Defendants/Respondents.

------------------------------------------------------------------------ x

Case No. 02-3156

**ANSWER OF DEFENDANT-RESPONDENT ASSURANCES GENERALES DE FRANCE IART**

Defendant-respondent, ASSURANCES GENERALES DE FRANCE IART, a French Corporation (hereinafter "AGF"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, responds to the allegations in the Petition as follows:

1. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth within paragraph "1" of the Petition.

2. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth within paragraph "2" of the Petition..

3. Admit the allegations set forth within paragraph "3" of the Petition.

4. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth within paragraph "4" of the Petition.

5. The respondent does not dispute the basis for diversity between the petitioner and respondent asserted in paragraph "5" of the Petition.

107558.1

6. Denies the allegations set forth within paragraph "6" of the Petition.

7. Denies the allegations set forth within paragraph "7" of the Petition.

8. Denies the allegations set forth within paragraph "8" of the Petition.

9. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Petition and respectfully refers to the Court to the Agreement for the terms and wording therein. The answering defendant further refers any questions of law to the Court.

10. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Petition and respectfully refers to the Court to the Agreement for the terms and wording therein.

11. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Petition and respectfully refers to the Court to the Agreement for the terms and wording therein.

12. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Petition.

13. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Petition.

14. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Petition.

15. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Petition.

16. Admits the allegations set forth in paragraph "16" of the Petition to the extent that AGF has provided certain insurance coverage to ABS.

17. Denies the allegations set forth in paragraph "17" of the Petition except admits that ABS and AGF commenced two lawsuits against, Amkor Technology Euroservices, Amkor Wafer Fabrication Services and Anam Semiconductor in or around March, 2002 in the Paris Commercial Court (collectively the "French Lawsuit"). The Court is respectfully referred to the documents from the French Lawsuit for the allegations and defenses asserted therein. Copies of the proceedings from the French Lawsuit with translation have been previously submitted to the Court by the parties as part of a Joint Submission.

18. Denies the allegations set forth in paragraph "18" of the Petition.

19. Denies possessing knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Petition and respectfully refers to the Court to the Agreement for the terms and wording therein.

20. Denies the allegations set forth in paragraph "20" of the Petition.

21. Denies the allegations set forth in paragraph "21" of the Petition.

22. Denies the allegations set forth in paragraph "22" of the Petition.

23. The respondent does not dispute petitioner's contention of the existence of an actual controversy, however, respondent believes that a declaratory judgment is unnecessary in that the respondents are not parties to the Agreement and, hence, not bound to its terms.

24. The respondent does not dispute petitioner's contention of the existence of an actual controversy, however, respondent believes that a declaratory judgment is unnecessary in that the respondents are not parties to the Agreement and, hence, not bound to its terms.

25. Denies the allegations set forth in paragraph "25" of the Petition.

26. Denies the allegations set forth in paragraph "26" of the Petition.

27. Denies the allegations set forth in paragraph "27" of the Petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The Petition fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. The Eastern District of Pennsylvania is an improper forum for this litigation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. The Court lacks personal jurisdiction over the respondent.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Respondent was not a party to the alleged Agreement and, thus, is not bound by any of its terms including any alleged duty to arbitrate contained therein.

107558.1

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

32. The principles of international comity warrant dismissal of the Petition filed by the petitioner.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

33. The petitioner has failed to join a necessary party.

WHEREFORE, defendant-respondent, ASSURANCES GENERALES DE FRANCE IART, requests the dismissal of the Petition, in its entirety, and such other and further relief that the Court deems necessary and proper.

Dated: January 20, 2004

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

    By: _____
        Louis J. Isaacsohn, Esquire
        Attorneys for Defendant
        ASSURANCES GENERALES DE FRANCE IART
        Independence Square West
        The Curtis Center, Suite 1130 East
        Philadelphia, PA 19106-3308
        (215) 627-6900