IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMKOR TECHNOLOGY, INC., a Delaware Corporation, <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> ALCATEL BUSINESS SYSTEMS, a French Corporation, ASSURANCES GENERALES DE FRANCE IART, a French Corporation, and ALCATEL MICROELECTRONICS N.V., a Belgian corporation <br><br> Defendants/Respondents. | CIVIL ACTION NO.: 02-3156 |

**AMKOR TECHNOLOGY, INC'S SUBMISSION IN RESPONSE TO ORDER OF DECEMBER 29, 2003 CONCERNING DISPOSITION OF THE LITIGATION**

Amkor Technology, Inc. ("Amkor"), respectfully submits this statement pursuant to the Court's Order of December 29, 2003, denying the motion for reconsideration filed by respondent Alcatel Business Systems ("ABS") and Assurances Generales De France Iart ("AGF"), and asking the parties to submit their views concerning the proper resolution of this case.

It has been 21 months since Amkor filed this Petition for an Order Compelling Arbitration, to compel ABS, AGF and Alcatel Microelectronics ("AME") to arbitrate the dispute among the parties. AME has never contested the Petition. The sole issue in the litigation has been the argument by ABS and AGF that they should not be required to arbitrate because they were not signatories to the agreement between AME and Amkor which contained the arbitration provision at issue.[1] With the benefit of limited discovery undertaken by the

---

[1] ABS and AGF also claimed that they were not subject to jurisdiction. Because they were subject to the arbitration provision, however, "it follows that the court has personal jurisdiction over those two companies." Order of August 22, 2003, at 8.

parties, the Court denied the motion to dismiss by ABS and AGF on August 22, 2003, and it denied their motion for reconsideration of that opinion on December 29, 2003.  These orders appeared to Amkor to resolve the genuinely disputed issues raised by ABS and AGF.

Amkor had hoped that, in light of the Court's two opinions rejecting the sole defense ABS and AGF have to the Petition, that ABS and AGF would stipulate to entry of an order compelling arbitration.  Unfortunately, it appears that they will continue to claim that they are not subject to the arbitration provision.  On January 20, 2004, they filed answers denying the claims in the Petition and asserting as affirmative defenses the arguments raised in their motion to dismiss.

Accordingly, Amkor submits that the Court should schedule a prompt summary judgment hearing and/or trial so that a final order compelling arbitration can be entered.[2]  Amkor believes that any trial should be conducted largely on paper, and should require no more than one or two days.

Dated:  February __, 2004                    DUANE MORRIS LLP

                                             By:_____
                                                Patrick Loftus
                                                PA. ID. 60417
                                                One Liberty Place
                                                Philadelphia, PA 19103-7396
                                                Telephone:  (215) 979-1000
                                                Facsimile:   (215) 979-1020

---

[2]  In its ruling on the motion to dismiss, the Court was presented with declarations from officers of the defendants, the depositions of three ABS witnesses, and translations of the orders of the French courts in the parallel litigation in Paris so, in effect, it had a record before it akin to that on summary judgment.  Amkor believes that the submissions the parties would make on summary judgment would be similar to those already presented to the Court.

parties, the Court denied the motion to dismiss by ABS and AGF on August 22, 2003, and it denied their motion for reconsideration of that opinion on December 29, 2003.  These orders appeared to Amkor to resolve the genuinely disputed issues raised by ABS and AGF.

Amkor had hoped that, in light of the Court's two opinions rejecting the sole defense ABS and AGF have to the Petition, that ABS and AGF would stipulate to entry of an order compelling arbitration.  Unfortunately, it appears that they will continue to claim that they are not subject to the arbitration provision.  On January 20, 2004, they filed answers denying the claims in the Petition and asserting as affirmative defenses the arguments raised in their motion to dismiss.

Accordingly, Amkor submits that the Court should schedule a prompt summary judgment hearing and/or trial so that a final order compelling arbitration can be entered.[2]  Amkor believes that any trial should be conducted largely on paper, and should require no more than one or two days.

Dated:  February __, 2004                    DUANE MORRIS LLP

                                             By:_____
                                                Patrick Loftus
                                                PA. ID. 60417
                                                One Liberty Place
                                                Philadelphia, PA 19103-7396
                                                Telephone:  (215) 979-1000
                                                Facsimile:   (215) 979-1020

---

[2]  In its ruling on the motion to dismiss, the Court was presented with declarations from officers of the defendants, the depositions of three ABS witnesses, and translations of the orders of the French courts in the parallel litigation in Paris so, in effect, it had a record before it akin to that on summary judgment.  Amkor believes that the submissions the parties would make on summary judgment would be similar to those already presented to the Court.

Of Counsel:

David S. Steuer (CA State Bar #127059) (admitted *pro hac vice*)
Ignacio E. Salceda (CA State Bar #164017) (admitted *pro hac vice*)

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

--                                                                 - 3 -

**CERTIFICATE OF SERVICE**

    I, Patrick J. Loftus, Esquire, hereby certify that a true and correct copy of the foregoing Submission in Response to Order of December 29, 2003 Concerning Disposition of the Litigation of Plaintiff Amkor Technology, Inc., was served on the following this 10th day of February 2004 via First Class U.S. Mail:

        Louis J. Isaacsohn, Esquire
        Wendy D. Testa, Esquire
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        Independence Square West
        The Curtis Center, Suite 1130 East
        Philadelphia, PA  19106-3308

        Brett A. Scher, Esquire
        Thomas A. Leghorn, Esquire
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        150 East 42nd Street
        New York, NY 10017-5639

        _____
        Patrick J. Loftus, Esquire