UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMKOR TECHNOLOGY, INC., a Delaware Corporation,<br><br>        Plaintiff<br><br>   v.<br><br>ALCATEL BUSINESS SYSTEMS, a French Corporation, ASSURANCES GENERALES DE FRANCE IART, a French Corporation, and ALCATEL MICROELECTRONICS N.V., a Belgian Corporation,<br><br>        Defendants | CIVIL ACTION<br><br>No. 02-3156 |

**MEMORANDUM / ORDER**

July 16, 2004

      This court has been asked to resolve a discovery dispute that has arisen between the parties, who have submitted letter-briefs outlining their positions. Because the parties are familiar with the history of this case, I will forgo a detailed recital of the factual and procedural background and proceed directly to the issue at hand.

      In response to a motion to dismiss for, *inter alia*, lack of personal jurisdiction filed by defendants Alcatel Business Systems ("ABS") and Assurances Generales de France Iart ("AGF"), I permitted plaintiff Amkor Technology, Inc. ("Amkor") to conduct limited

discovery to attempt to establish this court's personal jurisdiction over ABS and AGF. On August 22, 2003, I denied the motion to dismiss. In reaching the conclusion that this court has personal jurisdiction over ABS and AGF, I determined that, pursuant to *American Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349 (2d Cir. 1999) (cited favorably in *DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001)), the arbitration clause in the contract between Amkor and Alcatel Microelectronics N.V. ("AME") was binding upon non-signatories ABS and AGF under the theory of equitable estoppel. Based upon the facts elicited by Amkor during discovery, I found that ABS, by accepting the benefit of Amkor's custom chip manufacturing, had received a direct benefit from the contract containing the arbitration clause. Consequently, I concluded that ABS and AGF (which, as ABS's insurer, stands in the shoes of its client) would be estopped from denying their obligation to arbitrate the underlying dispute.

  Although my opinion of August 22, 2003, necessarily touched on the merits of Amkor's petition, at that time I did no more than deny the defendants' motion to dismiss. I deliberately refrained from entering an order compelling the defendants to arbitrate their dispute with Amkor so that the defendants could answer Amkor's petition, and so that all of the parties could file submissions regarding the proper procedure to be followed to resolve the case's substantive claims.

  The defendants continue to argue that they are not bound by the arbitration clause.

They seek to refute Amkor's contentions that Amkor created a "custom-made" chip for, and provided a "direct benefit" to, ABS. To that end, the defendants have served Amkor with fifteen document demands, and have requested, pursuant to Rule 30(b)(6), that Amkor designate one or more persons to provide testimony on its behalf at a deposition.[1] Amkor has refused to respond to any of the document demands or to make a representative available for deposition, arguing that the requests go directly to the merits of the underlying tort action pending in the French courts.

It is my view that the document demands and deposition request are appropriate given the present posture of this litigation. While some of the information requested may also pertain to the underlying tort action, all of the requests appear to be related to the question of whether the defendants are bound by the arbitration agreement between Amkor and AME. Although I adopted Amkor's contentions regarding the "direct benefit" received by ABS in denying the defendants' motion to dismiss, the defendants correctly point out that, to this point, they have had no opportunity to conduct any discovery upon Amkor or upon AME, which is not a party to this action. Fairness dictates that the defendants be given the opportunity to obtain information from Amkor and present it to this court before I decide whether ABS and AGF must arbitrate their dispute with Amkor.

---

[1] The defendants initially made sixteen document demands, but subsequently informed Amkor that they were withdrawing Document Demand No. 14.

Accordingly, upon consideration of the letter-briefs submitted by the parties, it is hereby ORDERED that:

(1) Amkor shall respond to Document Demands Nos. 1-13, 15, and 16 served upon Amkor by the defendants on January 21, 2004. Amkor need not respond to Document Demand No. 14, which has been withdrawn by the defendants.

(2) Amkor shall designate a person or persons to testify on its behalf at a deposition pursuant to Rule 30(b)(6).

_____
Pollak, J.