# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

The Curtis Center, Suite 1130 East, Independence Square West, Philadelphia, PA 19106
Tel: (215) 627-6900   Fax: (215) 627-2665

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

KENNETH SCOTT *
LOUIS J. ISAACSOHN ++
KEVIN T. KAVANAGH **
ROCHELLE M. FEDULLO
MICHAEL S. TAKACS **
DANIEL J. MIRARCHI
RYAN L. LEONARD **
LOUIS STEVENS **
THOMAS S. DOWNIE **

JONATHAN DRYER
KATHLEEN D. WILKINSON **
ADRIAN J. GORDON
M. DOUGLAS EISLER +
WENDY TESTA **
SALVATORE A. CLEMENTE **
BROOKE L. WILLMES
MARIA G. PERRI **
JOSHUA H. BEISLER ++ **

\* ALSO ADMITTED IN NY
+ ALSO ADMITTED IN NC
++ ALSO ADMITTED IN MD
\*\* ALSO ADMITTED IN NJ

February 12, 2004

**VIA FACSIMILE & REGULAR MAIL**

Hon. Louis H. Pollak
United States District Court
Eastern District Of Pennsylvania
601 Market Street
16613 U.S. Courthouse
Phila., PA  19106

**FILED**

AUG 1 5 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Re:  Amkor Technology, Inc. v. Alcatel Business Systems, et al.
     Case No.     :   02-3156
     Our File No. :   01438.00006

Dear Judge Pollak:

We represent the defendants-respondents Alcatel Business Systems ("ABS") and Assurances Assurances Generales De France IART ("AGF"). We submit this letter brief to the court in lieu of a more formal response to the plaintiffs' February 10, 2004 response to the Court's December 29, 2003 Order, which we note was served outside the time parameters set by the Court.

Our first purpose in writing this letter is to correct a misstatement in the plaintiff's recent letter. Plaintiff advised the Court that co-defendant AME has failed to respond to the Petition in this matter. What plaintiff fails to acknowledge is that they never served AME with the Petition. This strategy appears to have worked in their favor as they have convinced the Court to deny the defendants' motion to dismiss. As indicated in our first letter, we believe that discovery from the plaintiff and AME will convince the Court that ABS was not a "direct beneficiary" of the contract between plaintiff and AME. Thus, we believe that discovery from AME (which plaintiff clearly seeks to avoid) will impact the Court's final resolution of this matter.

We also note that plaintiff seeks to now place this case on an expedited track for an immediate hearing on summary judgment. We obviously believe that our clients are entitled to conduct all relevant discovery prior to such a hearing (as we have yet to even receive a document response or take the deposition of a single Amkor employee). Moreover, we also remind the

109165.1

Court that the same plaintiff who seeks to expedite this case took approximately a year to conduct the limited jurisdictional discovery the Court granted at the outset of the case.

Once the limited jurisdiction requested in our initial letter is complete, only then will the case be ripe for adjudication.

If you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Brett Scher, Esquire
Louis J. Isaacsohn, Esquire
Attorneys for Alcatel Business Systems and
Assurances Assurances Generales De France IART

cc:   All counsel of record